IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SALLY DEGE,

    Plaintiff,

v.

NATIONWIDE INSURANCE CO.,

    Defendant.

CIVIL ACTION NO.
2:08-CV-0026-RWS

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss [3]. After reviewing the entire record, the Court enters the following Order.

### **Background**

Plaintiff Sally Dege, proceeding *pro se*, brought this action on November 9, 2007, in the Superior Court of White County, Georgia, alleging that Defendant Nationwide Insurance Co. ("Nationwide") breached an automobile insurance policy written in her favor. Plaintiff alleges that on the morning of November 11, 2005, Plaintiff sustained significant injuries in a car accident

caused by Lamphong Kensy.  Following the accident, Nationwide reimbursed Plaintiff for the cost of repairs to her vehicle but has since refused to compensate her for her medical expenses.  (See Compl. ¶¶ 14; 8-11.)

Lamphong Kensy is also, coincidentally, insured by a subsidiary of Nationwide Insurance Co.  Construed liberally, Plaintiff's Complaint also appears bring a direct action against Nationwide Insurance Co. for the negligence of Lamphong Kensy.

 In her Complaint, Plaintiff seeks compensation for both past and future medical expenses.  On February 6, 2008, Nationwide removed the instant action to this Court on the basis of diversity of citizenship, and on the same day, moved to dismiss this action for failure to state a claim upon which relief can be granted.  Plaintiff has not filed an opposition to Nationwide's Motion.

## Discussion

**I.     Motion to Dismiss Standard**

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271,

1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.     Nationwide's Motion to Dismiss

Nationwide moves to dismiss this action, contending that Plaintiff has failed to state a claim against it for several reasons. First, citing Richards v. State Farm Mutual Automobile Insurance Co., 252 Ga. App. 45, 555 S.E.2d 506 (2001), Nationwide contends that Plaintiff may not bring a direct action against it for any injuries caused by the negligence of Lamphong Kensy, notwithstanding that it has written an automobile insurance policy in favor of

3

Lamphong Kensy, because Georgia law does not authorize such a third-party beneficiary action against the insurer of a negligent third party who causes injury to the plaintiff.  Second, citing the declarations page attached as Exhibit A to Plaintiff's Complaint, Nationwide contends that Plaintiff's automobile policy does not provide for medical payments in the event of an automobile accident and thus she has no contractual right to the compensation she seeks in this lawsuit.  Finally, Nationwide contends that Plaintiff failed to sue the properly named party because "Nationwide Insurance Co." is not an entity which is capable of being sued and her actual automobile insurance company—Nationwide Mutual Fire Insurance Company—has not been properly served in this action.

Over three months have elapsed since the filing of Nationwide's Motion to Dismiss and, as stated, Plaintiff has not filed a response.  Local Rule 7.1B provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1B, ND Ga.  Although the absence of any opposition by Plaintiff alone warrants dismissal of this action, the Court will nevertheless consider the merits of Nationwide's Motion.

As initial matter, the Court agrees that Plaintiff may not, under Georgia law, bring a direct action against Nationwide seeking compensation under a

4

third party's insurance policy for injuries caused by the negligence of that third party.  Richards, 555 S.E.2d at 507-08 (holding that an injured individual generally lacks standing to sue an insurance company under a third-party beneficiary theory for injuries negligently caused by a third-party insured).  Thus, to the extent that Plaintiff sues Nationwide as a third-party beneficiary of a policy between Nationwide and Lamphong Kensy, Plaintiff's action is due to be dismissed.

In light of the Court's disposition above, Plaintiff's only remedy lies in suing Nationwide under her own automobile insurance policy.  However, as Exhibit A of the Declarations Page of her policy makes apparent, Plaintiff's policy with Nationwide does not provide for medical benefits in the event of an automobile accident.  Although Plaintiff has not attached the complete automobile policy between herself and Nationwide, the absence of any allegation that medical payments are included within the insurance policy combined with Nationwide's unopposed assertion that such coverage is not contained in the policy[1] renders it beyond doubt that Plaintiff cannot prove any

---

[1] In a case involving a contract, the court may consider the contents of the contract in deciding a motion to dismiss.  See Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003); In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002); Rosenblum v. Travelbyus.com. Ltd., 299 F.3d 657, 661 (7th Cir. 2002).

set of facts which would entitle her to relief based upon the claims set forth in her Complaint.[2]

Accordingly, Defendant's Motion to Dismiss [3] is due to be **GRANTED**.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [3] is **GRANTED**.

**SO ORDERED**, this  22nd  day of May, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2] Because of the Court's disposition above, the Court need not resolve the additional grounds for dismissal advanced by Defendant.

6

AO 72A
(Rev.8/82)